UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JAMES D. "BUDDY" CALDWELL,          CIVIL ACTION NO. 6:15-cv-1507
ATTORNEY GENERAL *ex rel*,
STATE OF LOUISIANA

VERSUS                              JUDGE MINALDI

BRISTOL MYERS SQUIBB                MAGISTRATE JUDGE HANNA
SANOFI PHARMACEUTICALS
HOLDING PARTNERSHIP, ET AL.

## REPORT  AND  RECOMMENDATION

Before the undersigned, on referral from the district judge, is the motion to remand (Rec. Doc. 16), which was filed by the plaintiff, James D. "Buddy" Caldwell, the Attorney General of the State of Louisiana, on behalf of the State of Louisiana. The motion is opposed by the defendants.[1]  Oral argument was held on May 26, 2015. For the reasons set forth below, it is recommended that the motion to remand be GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit was originally filed in the 27th Judicial District Court, St. Landry Parish, Louisiana.  In the suit, the Louisiana state attorney general sued certain

---

[1] The defendants are:  Sanofi-Aventis U.S. LLC, Sanofi US Services Inc. (f/k/a Sonofi-Aventis U.S. Inc.), Aventis Pharmaceuticals Inc., Aventis Inc., Bristol-Myers Squibb Company, and Bristol-Myers Squibb Sanofi Pharmaceuticals Holding Partnership.  (Rec. Doc. 1 at 1, n. 1).

pharmaceutical companies who allegedly manufacture the prescription drug Plavix as well as three sales representatives who allegedly market Plavix.[2]  The plaintiff alleged that the defendants used false and misleading advertising to promote the sale of Plavix, resulting in the state's purchase of Plavix for Medicaid recipients to whom the drug should not have been prescribed.  More particularly, the plaintiff alleged that the defendants made material, false, and deceptive representations that proximately caused injury to the state of Louisiana.  The plaintiff originally sought to recover under two Louisiana statutes, the Medical Assistance Programs Integrity Law ("MAPIL"), La. R.S. 46:437.1 *et seq*. and the Unfair Trade Practices and Consumer Protection Law ("LUTPCPL"), La. R.S. 51:1401 *et seq*.  The suit did not seek recovery under any federal statutes, and the suit was not styled as a class action.

The defendants removed the suit to this forum, and it was assigned Civil Action No. 6:12-cv-00443.  The defendants alleged three independent bases for this Court's jurisdiction:  diversity jurisdiction, federal-question jurisdiction, and jurisdiction under the Class Action Fairness Act ("CAFA.")  (Rec. Doc. 1 in Civil Action No. 6:12-cv-00443).  In response to the removal notice, the plaintiff filed a motion to remand, which was granted in the fall of 2012.  (Rec. Docs. 40, 41, 42 in Civil Action

---

[2]     The three individual defendants were not named in the plaintiff's amending and supplemental petition (Rec. Doc 1-3).

No. 6:12-cv-00443).  The action was then remanded to the 27th Judicial District Court, St. Landry Parish, Louisiana.

On April 15, 2015, the plaintiff filed an amending and supplemental petition in the state-court action.  (Rec. Doc. 1-3).  The defendants again removed (Rec. Doc. 1), claiming that new allegations set forth in the amending petition provide a basis for this Court to exercise federal-question jurisdiction over this action under 28 U.S.C. § 1331.  More particularly, the defendants contend that the plaintiff's new redhibition claim, amended MAPIL claim, and new fraud claim create federal-question jurisdiction.  In response, the plaintiff filed the instant motion to remand.

## ANALYSIS

In its motion to remand, the plaintiff argues that this Court lacks subject-matter jurisdiction over this action.  First, as a procedural matter, the plaintiff argues that the defendant should not be permitted to remove this previously remanded case because there is no new and different basis for removal.  Second, as a substantive matter, the plaintiff argues that it has asserted only state-law causes of action, that "any buried potential relation to federal Medicaid statute(s) or regulation(s) in the State's case are insufficient to trigger federal question jurisdiction" (Rec. Doc. 16-4 at 9), and that "[e]ven if there is an underlying federal question in the subject matter raised by the

State's causes of action, the question is insufficient to convert its state law claims into federal ones" (Rec. Doc. 16-4 at 10).

The defendants contend, to the contrary, that new and revised claims set forth in the plaintiff's amending petition create federal-question jurisdiction.

Federal courts exercise limited jurisdiction.[3]  For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[4]   Any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction.[5]  The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[6]  Therefore, when a lawsuit has been removed from state court, as this suit has, the removing party must bear that burden.[7]   Accordingly, the defendants, as the removing parties, have the burden of establishing that this Court has subject-matter jurisdiction over this action.

---

[3]      *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[4]      *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

[5]      *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[6]      *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

[7]      *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

The amending petition states that it is "based entirely on State Law"[8] and that the "State of Louisiana is not seeking any remedy under any Federal Statute or Regulation."[9]  The defendants argue, however, that the plaintiff's revised MAPIL claim, its new redhibition claim, and its new fraud claim turn on substantial and dispositive questions of federal law sufficient to support federal-question jurisdiction.

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[10]  A claim arises under federal law when federal law creates the cause of action or when a state-law claim raises a federal issue.[11]  Because state law – not federal law – creates the plaintiff's causes of action, the defendants argue that this case falls into the second category of federal-question cases.  The United States Supreme Court formulated the relevant inquiry for such cases as follows:  "Does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial

---

[8]      Rec. Doc. 1-3 at 4.

[9]      Rec. Doc. 1-3 at 4.

[10]      28 U.S.C. § 1331.

[11]      *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008).

responsibilities?"[12]  The Fifth Circuit reiterated this test, breaking it into four separate inquiries and finding that federal-question jurisdiction exists when:  (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.[13]  "If any one of these four prongs is not satisfied, a court should not exercise federal-question jurisdiction."[14]  Therefore, the question to be resolved is whether, under this test, the federal-law issue or issues allegedly presented in the plaintiff's amending petition are sufficient to establish federal-question jurisdiction.[15]  Cases satisfying these criteria comprise a "special and small category."[16]

---

[12]    *Grable v. Darue*, 545 U.S. at 314.

[13]    *Singh v. Duane Morris*, 538 F.3d at 338.

[14]    *Maher v. Vaughn, Silverberg & Associates, LLP*, No. A-13-CA-543-SS, 2015 WL 1010512, at *7 (W.D. Tex. Mar. 6, 2015), reconsideration denied, No. A-13-CA-543-SS, 2015 WL 1807056 (W.D. Tex. Apr. 20, 2015) quoting *Marren v. Stout*, 930 F.Supp.2d 675, 681 (W.D. Tex. 2013).  See, also, *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) ("Where all four of these requirements are met. . .  jurisdiction is proper [in federal court]. . . .")

[15]    The undersigned's report and recommendation regarding the earlier remand motion (Rec. Docs. 30, 40 in Civil Action No. 12-cv-00443) included a review of cases decided after the *Grable* decision, which will not be repeated here but is incorporated by reference.

[16]    *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006).

After reviewing the four critical factors, the undersigned finds that, in this case, the defendants have not carried their burden of proving the existence of federal-question jurisdiction.

**(a)    IS RESOLVING A FEDERAL ISSUE NECESSARY TO THE RESOLUTION OF THE PLAINTIFF'S AMENDED MAPIL CLAIM?**

In its amending petition, the plaintiff alleges that misrepresentations by the defendants induced doctors across the state of Louisiana to write more Plavix prescriptions than they should have, thus causing the state to pay more for this drug than it should have when it covered the cost of Plavix prescriptions for Medicaid recipients in Louisiana.  The defendants call this the "fraud-on-the-doctors theory."[17] The primary argument articulated by the defendants in opposition to the plaintiff's motion to remand is that the Louisiana Supreme Court's decision in *Caldwell v. Janssen Pharmaceutica, Inc.*, foreclosed the possibility that a MAPIL claim can rest upon the fraud-on-the-doctors theory.  According to the defendants, "[t]he Amended Petition cannot plead a MAPIL claim based on a fraud on the doctors theory.  Instead, it pleads that had it known of Defendants' alleged fraud, Plaintiff would have altered its reimbursement policy for Plavix.  The Amended Petition thus explicitly raises the

---

[17]    Rec. Doc. 25 at 9.

important and disputed question of whether federal law would allow such a change." [18] The defendants further argue that "Plaintiff **must** show that it could have declined reimbursement for Plavix to prevail on its amended MAPIL. . . claim[]"[19] because whether the state can decline reimbursements is a matter of federal law controlled by the Medicaid statute.

The undersigned finds no support for this argument in the plaintiff's amending petition or in the *Janssen* decision.

The amending petition does not allege that there is any basis on which the state might decline reimbursement for Plavix prescriptions nor does the state seek, in the amending petition, a prospective removal of Plavix from Louisiana's Medicaid formulary or avoidance of the state of Louisiana's obligation under federal law to pay the cost of Plavix already prescribed to Louisiana Medicaid recipients.  The state seeks only to recover, as damages or civil penalties, the amounts that it paid for Plavix prescriptions that would not have been written but for the alleged fraud by the defendants.

Furthermore, the *Janssen* decision does not preclude a cause of action under MAPIL based on the fraud-on-the-doctors theory.  It holds that, after a trial on the

---

[18]     Rec. Doc. 25 at 6-7.

[19]     Rec. Doc. 25 at 8 (emphasis in original).

merits, the plaintiff in a case involving a different drug made by different defendants "failed to establish sufficient facts to prove a cause of action against the defendants under MAPIL because no evidence was presented that any defendant made or attempted to make a fraudulent claim for payment against any Louisiana medical assistance program within the scope of MAPIL."[20]  Finding that a plaintiff failed to prove its case is very different from finding that a specific type of claim is not permitted to be made.

Finally, even if *Janssen* had held that the type of claim made by the plaintiff in this suit was precluded, that holding would be relevant to the merits of this case but would not be dispositive of the jurisdiction issue now before this Court.

Accordingly, the undersigned finds that the defendants' primary argument is based on an interpretation of the allegations of the plaintiff's amending petition that can be reached only by reading into the amending petition factual allegations and claims that simply are not there.  The defendants' argument lacks merit because it will not be necessary for this Court to decide whether the State of Louisiana can, under federal law, decline to reimburse for the cost of Plavix prescriptions.

---

[20]     *Caldwell v. Janssen Pharmaceutica, Inc.*, 2012-C-2447, 2012-C-2466 (La. 01/28/12), 144 So.3d 898, 901.

With regard to the procedural issue raised by the plaintiff in support of its remand motion, the plaintiff contends that the amending petition does not materially change the MAPIL claim and, consequently, the defendants cannot remove again based on this same claim.  A defendant may not seek a second removal on the same pleading or event that first made the case removable.[21]   A comparison of the allegations set forth in the original petition and those set forth in the amending petition reveals that there is no material difference between the MAPIL claim articulated in the plaintiff's original petition and the MAPIL claim articulated in the plaintiff's amending petition.  For that additional reason, the undersigned finds that, to the extent the defendants are seeking to remove this case on the basis of the plaintiff's MAPIL claim, removal is not appropriate.

Finally, having found that the revised MAPIL claim is substantively the same as the original MAPIL claim, and having previously found that it is not necessary to resolve a federal-law question in order to resolve the plaintiff's MAPIL claim,[22] the reasons explained in the prior report and recommendation[23] remain applicable, and they are adopted and incorporated herein by reference.

---

[21]     *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-93 (5th Cir. 1996).

[22]     Rec. Doc. 30 in Civil Action No. 6:12-cv-00443 at 30.

[23]     Rec. Doc. 30 in Civil Action No. 6:12-cv-00443.

### (b)    IS RESOLVING A FEDERAL ISSUE NECESSARY TO THE RESOLUTION OF THE PLAINTIFF'S REDHIBITION CLAIM?

The defendants argue that the plaintiff's redhibition claim, which was first asserted in the amending petition, requires the resolution of a federal-law issue.  In fact, the defendants make the same argument with regard to the redhibition claim that they made with regard to the MAPIL claim.  The defendants contend that the plaintiff cannot support a redhibition claim with a fraud-on-the-doctors theory and must, in order to prove the causation element of its redhibition claim, establish that the Medicaid statute permits the state to decline reimbursements for Plavix prescribed to Medicaid recipients.  The defendants argue that redhibition permits only the nullification or retraction of transactions that have already occurred, and if successful in this case would require the state of Louisiana to decline reimbursement for Plavix claims already submitted for payment.  Again, however, the defendants mischaracterize the plaintiff's claim.  The plaintiff is not seeking to avoid paying for Plavix prescriptions but is, instead, seeking an award of damages or civil penalties because Plavix prescriptions would not have been written but for the alleged fraud.  Therefore, the redhibition claim does not turn on the question of whether the Medicaid statute permits the plaintiff to avoid reimbursement.

-11-

The defendants suggest that the decision rendered *In re Vioxx Products Liability Litigation*, MDL No. 1657, 2010 WL 2649513 (E.D. La. June 29, 2010), should guide the court's decision on the redhibition claim.   The undersigned disagrees.  Several reasons why the *Vioxx* decision is inapplicable were discussed in the report and recommendation issued with regard to the defendants' first removal attempt.[24]   Those reasons are equally applicable to this second attempt at removal and are incorporated herein by reference.

Additionally, the removal notice in the *Vioxx* case indicates that the defendants in that case based removal alternatively on diversity of citizenship or on a federal question arising out of alleged violations of the Federal Food, Drug & Cosmetic Act.[25]   In the instant case, however, the defendants do not allege that this Court has subject-matter jurisdiction under either of those theories.   Accordingly, the defendants' contention that "the mere fact that the *Vioxx* litigation was tried in federal court supports jurisdiction"[26] lacks merit.   The coincidental fact that redhibition claims were asserted in both the *Vioxx* case and in this case has nothing to do with this Court's subject-matter jurisdiction over this lawsuit.

---

[24]     Rec. Doc. 30 in Civil Action No. 12-cv-00443.

[25]     Rec. Doc. 1 in Civil Action No. 2:05-cv-03700-EEF-DEK, United States District Court for the Eastern District of Louisiana.

[26]     Rec. Doc. 25 at 8, n. 1.

The *Vioxx* case is also different from this one because different allegations were made in the two cases.  In *Vioxx*, the plaintiff did claim, in support of its redhibition claim, that "had it known that Vioxx presented cardiovascular risks it would not have approved reimbursement under the State's Medicaid program,"[27] thus actually making the claim that the defendants contend was made by the plaintiff in this lawsuit.  But no such claim was made in this suit.  Here, the plaintiff is not alleging that it has the right to refuse reimbursements for Plavix under the state's Medicaid program.

The same language that was used to articulate the redhibition claim in this suit was also used to articulate a redhibition claim in *Louisiana v. Pfizer, Inc*., a case decided by the United States District Court for the Middle District of Louisiana. There, the court said:

> whether the State can recover under Louisiana's redhibition law will not turn on an interpretation of the State's reimbursement duties under Medicaid.  Instead, it will turn on whether Pfizer's representations to prescribers of Zoloft resulted in sales that would not have occurred had those prescribers known that the drug is ineffective.  Even if this inquiry into the State's obligations under the Medicaid Act satisfies the first prong of the *Grable* analysis, the defendants have not established that this issue is actually disputed or substantial, and therefore does not raise a federal question.

---

[27]     *In re Vioxx*, 2010 WL 2649513, at *10.

> In short, the State's claims turn on whether Pfizer's alleged misrepresentations caused physicians to prescribe Zoloft in the first place, not on whether the State has the authority to deny reimbursements under the Medicaid Act in light of Zoloft's placement on the State's formulary. Courts have distinguished a state's ability to recover under state law where the defendant caused the state's Medicaid program to reimburse claims which would never have been submitted but for the violation of state law from the state's authority under the Medicaid Act to prospectively refuse reimbursement.[28]

The court found that there was no federal-question jurisdiction and remanded the action. The quoted language is equally applicable to the redhibition claim made in this lawsuit, and the undersigned is persuaded that the court's conclusion in *Louisiana v. Pfizer, Inc*. was correct.

Accordingly, the undersigned finds that the better course of action is to follow *Louisiana v. Pfizer, Inc*. rather than *Vioxx* and to find that the addition of the specific redhibition claim asserted in this lawsuit did not create federal-question jurisdiction.

### (b)   IS RESOLVING A FEDERAL ISSUE NECESSARY TO THE RESOLUTION OF THE PLAINTIFF'S FRAUD CLAIM?

The defendants argue that the fraud claim asserted in the amending petition supports federal-question jurisdiction because the plaintiffs alleged fraud under the section of the Louisiana Civil Code concerning fraud as a vice of consent to a

---

[28]    *Louisiana v. Pfizer, Inc*., No. 3:13-CV-00727-BAJ-RL, 2014 WL 3541057, at *7 (M.D. La. July 17, 2014) (footnotes and citations omitted).

-14-

conventional obligation.  The defendants correctly state that the cases interpreting such fraud claims require a plaintiff to show the existence of a contract as a threshold element of the claim.  However, in this case, the plaintiff did not allege the existence of a contract nor did the plaintiff allege that the defendants' fraud vitiated the state's consent to any contract.  Instead, the amending petition alleges that the defendants' allegedly fraudulent misrepresentations (1) induced the state to place and keep Plavix on its Preferred Drug List and (2) induced doctors to write Plavix prescriptions amounting to a "high market share."[29]   Nevertheless, the defendants take a leap, unsupported by the allegations of the plaintiff's amending petition, and argue that the plaintiff's contracts with the United States Department of Health and Human Services "are the only contracts that could possibly underlie this claim."[30]  They then contend that those contracts must be interpreted under federal law and consequently argue that a disputed issue of federal law must be resolved in connection with the plaintiff's fraud claim.

The defendants' argument ignores the fact that the plaintiff's amending petition alleges fraud "pursuant to Louisiana Civil Code Article 1953 *et seq*. **and** 2315."[31]

---

[29]  Rec. Doc. 1-3 at 24.

[30]  Rec. Doc. 1 at 7.

[31]  (Rec. Doc. 1-3 at 26) (emphasis added).

Article 1953 defines the word "fraud."  The same definition applies in contractual or delictual fraud claims.[32]   The elements of a tortious fraud claim are (1) a misrepresentation of a material fact, (2) made with the intent to deceive, and (3) causing justifiable reliance with resultant injury.[33]  Therefore, a tortious fraud claim does not require a contractual underpinning.

The plaintiff's amending petition can be read as stating both a contractual fraud claim under Article 1953 and a delictual fraud claim under Article 2315 but it can also be read as stating only a delictual fraud claim, with the reference to Article 1953 constituting nothing other than a signal that the term "fraud" is defined in that statute. With the latter interpretation, the defendants' argument that there must be a contract underlying the claim evaporates along with the defendants' argument that the fraud claim supports federal-question jurisdiction.

If the plaintiff's amending petition were interpreted as stating both a delictual fraud claim and a contractual fraud claim, and if the defendants' reasoning were applied, the fraud claim would require the resolution of a federal question if it were based on Article 1953 but would not require the resolution of a federal question if it

---

[32]       See *Sun Drilling Products Corp. v. Rayborn*, 2000-1884 (La. App. 4 Cir. 10/3/01), 798 So. 2d 1141, 1152, *writ denied*, 2001-2939 (La. 01/25/02), 807 So. 2d 840.

[33]       *Guidry v. United States Tobacco*, 188 F.3d 619, 627 (5th Cir. 1999); *Newport Ltd. v. Sears, Roebuck & Co*., 6 F.3d 1058, 1068 (5th Cir. 1993).

were based on Article 2315. "When a claim can be supported by alternative and independent theories of recovery, one based on state law and the other on federal law, that claim may not form the basis for federal question jurisdiction because federal law is not a 'necessary' element of the claim."[34]   Therefore, even if the defendants are right and the court must resort to federal law to determine whether consent to a federal contract was vitiated because of fraud in order to find a valid claim under Article 1953, that does not create federal-question jurisdiction because the plaintiff's amending petition contains a separate basis for a delictual fraud claim, which arises solely under Louisiana state tort principles and constitutes an alternative and independent theory of recovery.

Accordingly, regardless of whether the amending petition is interpreted as stating only a fraud claim under Article 2315 or as stating fraud claims under both Article 1953 and Article 2315, the addition of the fraud claim does not provide a basis for finding federal-question jurisdiction over this action.

Finally, in the memorandum supporting its motion to remand, the plaintiff clarified that it is asserting only a delictual fraud claim and expressly denied that its

---

[34]     *Goffney v. Bank of Am., N.A.*, 897 F.Supp.2d 520, 526 (S.D. Tex. 2012), citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1170–71 (5th Cir.1988), citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810–13 (1988).

fraud claim has any contractual basis.[35]   The plaintiff argued that the defendants have asserted a defense to the fraud claim by showing that there is no contract between the state and the defendants.   To the extent that the defendants might be asserting a defense, the defense cannot create federal-question jurisdiction.[36]

In summary, the plaintiff's addition of a fraud claim in the amending petition did not create federal-question jurisdiction.

**(d)   IS THE FEDERAL ISSUE ACTUALLY DISPUTED?**

As noted above, there is no actually disputed federal-law issue that must be decided in this case.   This contrasts with the *Grable* decision, in which the proper interpretation of a federal statute had to be decided in order for the plaintiff's claim to be resolved.

**(e)   IS THE FEDERAL ISSUE SUBSTANTIAL?**

"[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."[37]   Having already found that there is no

---

[35]      Rec. Doc. 16-4 at 24-25.

[36]      *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) ("[t]hat federal law might provide a defense to a state law cause of action does not create federal question jurisdiction"), citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("[a] defense that raises a federal question is inadequate to confer federal jurisdiction.").

[37]      *Singh v. Duane Morris*, 538 F.3d at 338.

-18-

actually disputed federal-law issue to be resolved in this lawsuit, there consistently is no substantial federal issue before the court.  It should also be noted that "[t]hus far, no Supreme Court, Fifth Circuit or similar case in this court, has held that the federal FDA or CMS statutes, regulations and procedures pertaining to Medicaid reimbursement for covered outpatient drugs are sufficiently substantial—serious enough to call for the advantages inherent in a federal forum—to support the exercise of federal question jurisdiction."[38]

### (f)   WILL FEDERAL JURISDICTION DISTURB THE BALANCE OF FEDERAL AND STATE JUDICIAL RESPONSIBILITIES?

Even if there were a substantial and actually disputed federal question at issue in this litigation, "the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."[39]  In ruling on the plaintiff's first remand motion, three factors were reviewed that prevented this inquiry from being satisfied.  Those three factors are equally applicable to this second remand motion, and the analysis set forth in the prior report

---

[38]     *Louisiana v. Abbott Labs*., No. 3:13-CV-00681-BAJ, 2014 WL 4924329, at *5 (M.D. La. Sept. 30, 2014).  Although the "this court" referred to in the quoted passage is the United States District Court for the Middle District of Louisiana, no such case has been located in the United States District Court for the Western District of Louisiana either.

[39]     *Grable v. Darue,* 545 U.S. at 313-14.

and recommendation[40] is incorporated herein by reference to support the conclusion that exercising federal-court jurisdiction over this action would not be consistent with congressional judgment about the roles of state and federal courts.

### CONCLUSION

The defendants have the burden of establishing the existence of this Court's subject-matter jurisdiction.  The plaintiff's amending petition alleges only state-law claims, and the defendants failed to demonstrate that the amending petition alleges claims involving actually disputed and substantial federal-law issues that a federal court may entertain without disturbing the congressionally-approved balance of federal and state judicial responsibilities.  The defendants have failed to satisfy their burden of establishing federal-question jurisdiction, and this action does not fall within the Court's diversity jurisdiction.  Therefore, for the reasons set forth above, the undersigned recommends that the plaintiff's motion to remand (Rec. Doc. 16) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

---

[40]        Rec. Doc. 30 in Civil Action No. 12-cv-0443.

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 28th day of May 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE


COPY SENT:

DATE: ___5/28/2015___
BY: _____EFA_____
TO: _____PM_____
                 jb

-21-